**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JAMES FONDREN BROWN,**
    Petitioner,

v.                                         Case No. 3:05cv437/LAC/MD

**JAMES R. MCDONOUGH,**
    Respondent.
_____

### ORDER

This cause is before the court upon an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 9). Respondent filed an answer, submitting relevant portions of the state court record. (Doc. 18). Petitioner has filed a reply and supplement thereto. (Docs. 23, 24). Before the court rules on the matter, the undersigned finds it necessary for respondent to clarify his position with regard to Ground 6 of the amended petition.

Background

On June 12, 2001 in the Circuit Court of Escambia County, Florida, petitioner was convicted upon jury verdict of two offenses: (1) trafficking in cocaine (400 grams or more, but less than 150 kilograms) or a mixture containing that amount of cocaine, in violation of Fla. Stat. § 893.135(1)(b)1.c; and (2) conspiracy to traffic in cocaine (400 g. to 150 kg.) or a mixture containing that amount of cocaine, in violation of Fla. Stat. § 893.135(5). (Doc. 18, Ex. C, p. 565; Ex. D).[1] His alleged co-conspirators were Jason Paul Smith and/or Eric Shane Reese and/or Isaac Christian Kimsey. (Ex. A). Petitioner was sentenced to concurrent terms of fifteen years imprisonment on each count, which was the minimum mandatory. (Ex. C, pp. 569-70; Ex. D).

---

[1] Hereafter all references to exhibits will be to those attached to Doc. 18 unless otherwise noted.

<u>Issue Requiring Clarification</u>

Petitioner's amended habeas corpus petition raises six grounds for relief, all predicated upon alleged ineffective assistance of counsel. The last ground for relief (Ground 6) asserts that counsel was ineffective for failing to move for judgment of acquittal ("JOA"). Specifically, the amended petition faults counsel for failing to move for JOA on the trafficking charge on the grounds that: (1) "there was no cocaine confiscated or presented at trial, and thus no way to determine how much cocaine was contained in any mixture from any transaction testified to at trial," and (2) none of the state's witnesses testified to witnessing or engaging in a <u>single</u> transaction with petitioner involving 400 grams or more of cocaine, and although the state introduced petitioner's statements to police that he had received approximately 1000 grams of cocaine from Kimsey and 500 grams from Reese, such testimony "was taken out of context" and, in any event, could not be the sole basis for conviction under Florida law. (Doc. 9, pp. 4l-4m). Petitioner maintains that counsel's error prejudiced him, because the evidence was sufficient only to convict him of the lesser included offense of trafficking in 28 grams or more but less than 200 grams of cocaine, which would have resulted in a shorter sentence. (*Id.*, pp. 4k-4m). Petitioner further faults counsel for failing to move for JOA on the conspiracy charge, arguing that the only evidence of an "agreement" or of his "intent" was Eric Reese's testimony, which was sufficient to convict petitioner only of conspiracy to traffic in 28 grams or more but less than 200 grams of cocaine. (*Id.*, p. 4k).

In his answer, respondent summarizes petitioner's claim as one that counsel was ineffective for failing to move for JOA on the trafficking and conspiracy charges based on the state's failure to present sufficient evidence as to the amount of cocaine involved and failure to present sufficient evidence of conspiracy. (Doc. 18, p. 31). Respondent asserts that petitioner "raised the issue of whether his trial counsel was ineffective for failing to move for judgment of acquittal on the sufficiency of the evidence in his Rule 3.850 motion for post conviction relief," and argues that the petitioner is not entitled to relief under 28 U.S.C. § 2254(d). (Doc. 18, p. 34).

In his reply, petitioner clarifies that the "crux" of his claim is "whether the state can combine the amounts (weight) from several smaller transactions to create a greater offense and/or penalty." (Doc. 23, p. 4). In his supplement, petitioner further clarifies that "[t]he

claims within this petition and the reply all rely on the premise that the State may not aggregate amounts of cocaine over a period of time to charge and obtain a conviction for trafficking in or conspiracy to traffic [in] those amounts unless there is a common scheme to purchase, possess, or sell those aggregate amounts."  (Doc. 24, p. 1).

Rule 5 of the Rules Governing Section 2254 Cases states, in pertinent part, that the respondent's answer "must state whether any claim in the petition is barred by a failure to exhaust state remedies [or] a procedural bar. . . ."  Section 2254 further states that "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).  The statement in respondent's answer neither states whether Ground 6 is barred by a failure to exhaust or a procedural bar, nor expressly waives the exhaustion requirement.

It is beyond dispute that petitioner's Rule 3.850 motion raised the issue of whether trial counsel was ineffective for failing to move for judgment of acquittal on the sufficiency of the evidence.  What is not so clear is whether petitioner gave the state court a full and fair opportunity to evaluate the issue on the same bases as those presented here.  In his Rule 3.850 motion, petitioner claimed counsel was ineffective "for not filing motion for judgment of acquittal (JOA) arguing that, because the state had produced no tangible evidence which tested positive for cocaine, there was insufficient evidence as a matter of law to establish that defendant was guilty of trafficking in cocaine."  (Ex. J, p. 10).  In support, petitioner argued at length that the state had introduced no positive evidence of cocaine to establish his guilt. (*Id.*).  The Rule 3.850 court appointed counsel and held an evidentiary hearing on this and other issues. (Ex. O).  The evidence on the JOA issue was as follows:

> Q [by petitioner's Rule 3.850 counsel].  And at the conclusion of the trial you had an opportunity to move for judgment of acquittal based on the, I believe the testimony there was that no drugs were found on Mr. Brown. No one could show that he had other than the verbal statements when they searched his home and vehicles, there wasn't any large quantity or no quantity, just the scales as far as the cocaine, did you move for a judgment of acquittal based on the sufficiency of the evidence?
>
> A [petitioner's trial counsel David Sellers].  No, I didn't and looking back on it as to the trafficking charge, I probably should have.  On the

conspiracy, it was overwhelming evidence. I think on the trafficking charge there was overwhelming evidence as well. My thinking at that time was and I know there's some lawyers that move for judgment of acquittal at the close of the State's case and they move for it again at the close of all of the evidence and that's a safe way to make sure that issue is preserved and I used to do that and honestly I don't do it every time if I feel like the evidence is sufficient just because I think it is somewhat of a credibility issue with the Court. But I think all Courts expect it, so on balance I probably should have but my thinking was on the trafficking charge there was tons of testimony about the quantity of drugs that were delivered to Mr. Brown and that Mr. Brown distributed.

In fact, we specifically, I don't recall if I did this with Jamie [petitioner] in the office but I know me and my paralegal and investigators spent a great deal of time going over all of the testimony because there was so many different people involved to add up the amount to see if it got him to the trafficking amount because that was a big concern.

My way of thinking about it was that at the time they arrested Mr. Brown all they really had was residue on the scales, which he disavowed ownership of but that by that time he had, there was a lot of testimony that everybody kind of knew the bottom was beginning to drop out including from Mr. Brown, I think or that people had been driving by the house or sitting outside and Smith and Reese both testified they knew that it was coming to an end, they were moving every three or four months from Fort Walton to here to another apartment and I felt like the evidence was that he had already disposed of any cocaine that they had distributed because they were cutting back on the distribution of cocaine to the various people because they felt like they were about to be busted.

So, you know, I felt like there was a lot of evidence of that and that that was a reasonable explanation of why they didn't find any drugs on him. I know in federal court it doesn't matter if they find it on them or not, but in balance looking back on that trafficking charge I probably should have argued a motion for judgment of acquittal. I still think it would have been denied but I can see where there's at least an argument there.

(Ex. O, pp. 22-24).[2]

Applying *Strickland*, the state court denied relief as follows:

The Court held an evidentiary hearing on this claim. Mr. Sellers [defense counsel] testified at the evidentiary hearing that he believed the State presented overwhelming evidence of the Defendant's guilt. Mr. Sellers also testified that in his professional opinion, the fact that the officers never found

---

[2]These page numbers are those of the actual transcript, appearing in the upper right-hand corner of the page.

*Case No: 3:05cv437/LAC/MD*

cocaine did not cripple the State's case. Mr. Sellers explained that the State presented "a lot of evidence" about the Defendant's distribution of cocaine prior to the drug bust, which explained the absence of cocaine when the police searched the Defendant's home. Mr. Sellers testified that at the time, he believed filing a JOA would have been futile. The State's evidence included testimony by several co-defendants, electronic scales found in the Defendant's home, and the Defendant's admission to receiving one kilo (1000 grams) of cocaine from Isaac Kimsey, a kilo and a half (1500 grams) from Kimsey and Reese and/or Smith, and selling the cocaine. Accordingly, the Defendant has failed to meet his burden of showing that his counsel's performance was deficient for failing to file a JOA.

(Ex. P, pp. 171, 176-77).

Petitioner appealed. Petitioner's counsel filed an *Anders*[3] brief. In discussing each item identified in the Statement Of Judicial Acts To Be Reviewed, counsel identified the JOA issue as counsel's failure to move for judgment of acquittal "on the trafficking charge," "on the grounds the state had adduced no tangible evidence that tested positive for cocaine." (Ex. Q, pp. 3, 12). Petitioner filed a *pro se* brief, in which he identified the JOA issue as counsel's failure to move for judgment of acquittal on the ground that "the state had adduced no tangible evidence that tested positive for cocaine," and, therefore, "there was insufficient evidence as a matter of law to establish that Appellant was guilty of trafficking in cocaine." (Ex. R, pp. 2, 31). Petitioner maintained that in support of a motion for JOA, counsel should have argued that: "(1) Appellant could not have known the substance was cocaine because there was no cocaine; (2) Appellant could not have knowingly purchased or possessed cocaine because there was no cocaine," (*id.*, p. 32), and (3) "the state did not prove that Appellant had the requisite amount of cocaine to support a trafficking conviction. . . . [T]here was never any cocaine entered during the trial, and nothing was ever presented to establish the requisite weight for trafficking cocaine. It may be so, that several co-defendants testified as to alleged weights of cocaine. However, this is not substantial evidence to establish the requisite weight requirements for trafficking cocaine." (*Id.*, pp. 33-34). The appellate court affirmed the denial order without written opinion. (Ex. S).

Based on the foregoing, it appears that the only aspect of the IAC-JOA claim that was presented to, and adjudicated on the merits by, the state courts is that counsel was

---

[3]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

deficient for failing to move for JOA with regard to the trafficking charge on the proffered basis that the state failed to produce sufficient evidence that the substance involved was cocaine, and that the state's testimonial evidence was not substantial evidence of the requisite weight.  Because respondent's position on the exhaustion issue is unclear, and because at the time of filing his answer respondent did not have the benefit of petitioner's later "clarifications" of the issue presented in Ground 6, respondent will be required to file an amended answer.

Accordingly, it is ORDERED:

1.  Within **thirty (30) days** from the date of this order, the respondent shall file an amended answer as instructed above.

2.  Thereafter, petitioner will be given the opportunity to respond to the amended answer.

DONE AND ORDERED this 25th day of May, 2007.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**